FILED
JAN 1 8 2008
Jan 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA | 08CV420 |
| | JUDGE COAR |
| Respondent, | MAGISTRATE JUDGE MASON |
| vs | CRIM NO: 02-CR-1101 |
| RONALD J. RICHARDSON | |
| | THE HONORABLE JUDGE DAVID H. COAR |
| Movant. | |

**MOVANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

PURSUANT Federal Rules of Civil Procedure 12(c); Movant files this Motion For Judgment on the Pleadings which shall be construed as a Motion For Summary Judgment and disposed of according to Rule 56(a) [Effective December 1, 2007, absent contrary Congressional action, this rule will be amended to Rule 56(a)(2)], A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from commencement of the action **or** after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

## Undisputed Facts

It is undisputed and Respondent admits:

1. Counsel for Movant Ronald J. Richardson (hereinafter referred to as "RICHARDSON") did on or about January 15, 2004 transmit to RICHARDSON an e-mail wherein counsel stated "I think we will be ready to defeat the government."; whereby counsel should have known this was a false and misleading statement in violation of RICHARDSON'S **SIXTH AMENDMENT** right to effective assistance of counsel. [See Appendix 7 of RICHARDSON'S § 2255 Motion]

2. The Government did, prior to trial threaten RICHARDSON with added RICO charges if RICHARDSON did not enter a guilty plea with 72 hours. [See Appendix 6 of RICHARDSON'S § 2255 Motion]

3. Counsel for RICHARDSON did advise RICHARDSON not to accept the plea offer; that he (counsel) could defeat the Government. This advise was a violation of RICHARDSON'S **SIXTH AMENDMENT** right to effective assistance of counsel.

4. Predicated upon advise of counsel, RICHARDSON did reject the plea offer; the Government did supersede with a new indictment charging RICHARDSON with RICO counts; there-

fore RICHARDSON was punished for not accepting the plea offer.

5.  Government did, days before trial (October 4, 2004) ask Counsel about the origin of his (counsel's fee) fee.

6.  Government admits that a plea offer was made to RICHARDSON prior to the Government's filing of a superseding indictment. [See Appendix 6 & 17 of RICHARDSON'S § 2255 Motion]

7.  The Government concedes that the Opinion of the Circuit Court of Appeals incorrectly states that RICHARDSON was convicted of "two counts of making false statements on a loan application, 18 U.S.C. § 1014." [USCA, 7th Cir. 2007, 05-3165]

8.  The Government concedes that co-defendant admitted raiding the escrow accounts at trial and on cross-examination.

9.  Counsel failed to **ask** Government to interview, prior to trial, those government witnesses who would testify against RICHARDSON.

10. The Government called witnesses: Allen, Berwick, Castriano, Farah, Gengler, Ghilarducci, Sr., Huiner, Ichelson, Kovacs, Noga, Sova, Spevak, Tite, Van Noy, Heiman, Keenan, Todd, Williams, Strauts, Booras & Switella, Solely against co-defendant Ghilarducci.

11. The Government concedes that RICHARDSON had no part or partage of the alleged Railroad Bond Scheme.

12. The Government concedes that there is no common thread between RICHARDSON, the Railroad Bond scheme and the Confirmation of Funds.

13. RICHARDSON was not a party to any transactions of any nature with a party known as Shuster.

14. The Government did, simultaneous with the trial of RICHARDSON, engage the Law Firm of Grippo & Elden either directly or as a **party-in-interest** in a legal dispute with another United States District Court Judge within the same District. The Government knew that Theodore Grippo was (i) key Government witness in the prosecution of RICHARDSON and (ii) controlling party of Grippo & Elden Law Firm.

15. Government did receive a copy of the Defenses "Motion For Disclosure Of Impeaching Information" [See Appendix 50 of RICHARDSON'S § 2255 Motion].

16. Government was aware that RICHARDSON remitted funds to the benefit of Grippo & Elden as fees for services as counsel.

17. The Government did remain silent during the **ex parte** hearing of RICHARDSON's counsel in counsel's motion to withdraw.

18. The Government stated in open Court: "As your Honor knows, he [Richardson] turned on Mr. Turner [counsel] after trial started, accusing him of misconduct, referring him to the state bar." [See Appendix 22 of RICHARDSON'S § 2255 Motion]

19. The Restitution Order, provided by the Government on the day of Sentencing provided a winfall to Maria D'Agostino and her ex-husband Jim Capezio, in that defense did, at trial, provide proof that the funds in question were the property of J Z Knight.

20. The Restitution Order, provided by the Government on the day of Sentencing provided a windfall for Francis Beard as the Government failed at trial to establish that Beard spoke with the consent of Sonntagg, Pregizer and Spangler.

**IT IS THE MOVANT'S CONTENTION** that foregoing Motion For Judgment on the Pleadings is truthful and correctly corresponds with Movant's § 2255 Motion. If this Honorable Court determines that Movant is not entitled to judgment on the pleadings, then in the alternative, Movant respectfully requests this Court conduct a plenary hearing as soon as is practical, in order that the Court may make an independent inquiry to fully hear and resolve the issues of fact that are not sufficiently disposed of in the record on appeal.

**MOVANT** respectfully urges that a plenary hearing is mandated, in the event that the Court cannot rule on the pleadings. In the course of the hearing, Movant will establish the truth of all his allegations of this Motion, in particular the following:

   a. Counsel did in fact advise RICHARDSON that he would defeat the government;

   b. Government did tender a plea offer which was not explored by Counsel;

   c. Counsel for RICHARDSON advised RICHARDSON not to accept the plea offered by the Government;

   d. Based upon the rejected Plea Offer, RICHARDSON was punished under a superseding indictment which added RICO charges;

e. Counsel did not interview, absent Attorney Grippo any of the Government witnesses particular to RICHARDSON;

f. RICHARDSON had no part in the Railroad Bond Scheme alleged by the Government;

g. RICHARDSON was never a party with anyone named Shuster;

h. Government did engage the Law Firm of Grippo & Elden (or benefitted from said engagement as a party in interest) simultaneous with the utilization of Theodore Grippo (Partner in Grippo & Elden) as a key Government witness against RICHARDSON;

i. Defense did file a "Motion For Disclosure Of Impeaching Information", with Government copied;

j. Government was aware that the Restitution Order did - in fact - provide a windfall for some.

Respectfully submitted,

*Ronald J Richardson* (signature)
Ronald J Richardson, Pro se
16811-045
Federal Prison Camp
P O Box 725
Edgefield, SC 29824


## CERTIFICATE OF SERVICE

THIS SHALL CONFIRM that the undersigned has filed a copy of this Motion for Judgment on the Pleadings by placing it in the U S Mail with the correct postage applied thereto and addressed to: Office of the U S Attorney, 219 South Dearborn Street, Suite 500, Chicago, Illinois 60604. Executed on this ____ day of ____ _____, 200___.

Ronald J Richardson, Pro se
16811-045   D-2
Federal Prison Camp
P O Box 725
Edgefield, SC 29824