IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD J. RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 08 C 420 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | JUDGE DAVID H. COAR |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ronald J. Richardson ("Petitioner" or "Richardson") moves this Court to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, Richardson's motion is DENIED.

### BACKGROUND

Following a jury trial in December 2004, Richardson was convicted of various counts of racketeering, fraud, money laundering, and tax evasion. On June 21, 2005, this Court sentenced Richardson to 140 months' imprisonment. Richardson appealed, and the Seventh Circuit affirmed his conviction on April 5, 2007. Richardson filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on October 1, 2007. *Richardson v. United States*, 552 U.S. 866 (2007).

On June 19, 2006, while Richardson's appeal was pending, he filed a motion for a reduction in his sentence pursuant to Fed. R. Civ. P. 35(b). This Court dismissed Richardson's motion with prejudice on January 25, 2008. Richardson filed a notice of appeal from that dismissal on January 29, 2008. Meanwhile, on January 18, 2008, Richardson had filed several motions with this Court, including a motion to correct, set aside, or vacate his sentence pursuant

to § 2255.  In this motion, Richardson claims that he was denied effective assistance of counsel with respect to his counsel's representation during plea agreement negotiations, his counsel's failure to file a motion for an evidentiary hearing on the issue of whether Richardson was entitled to severance from his co-defendant's trial, and his counsel's filing of a motion to withdraw three days before the deadline for submitting post-trial motions to the Court.

At the same time that Richardson filed his § 2255 motion, he also filed motions for an evidentiary hearing on his § 2255 motion, for assignment of counsel, to supplement the record, for judgment on the pleadings, for release pending appeal, and to conduct discovery in furtherance of the § 2255 motion.  On March 31, 2008, this Court denied all of Richardson's motions except for his § 2255 motion.

On May 7, 2008, the Government moved to stay consideration of Richardson's § 2255 motion pending the resolution of his appeal from this Court's denial of his Rule 35(b) motion.  On July 14, 2008, this Court granted the Government's motion and stayed this action pending a decision from the Seventh Circuit on Richardson's appeal.  Because the Seventh Circuit denied Richardson's appeal on March 12, 2009, *see United States v. Richardson*, 558 F.3d 680 (2009), the Court now revisits Richardson's motion to correct, vacate, or set aside his sentence pursuant to § 2255.

## LEGAL STANDARD

Under 28 U.S.C. § 2255, federal prisoners can challenge the imposition or length of their detention if their conviction or their sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice."  *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted).  If the reviewing court determines that any such defect exists in the judgment

or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

## ANALYSIS

In light of the Seventh Circuit's ruling on Richardson's appeal from the denial of his Rule 35(b) motion, this Court must dismiss his § 2255 motion for want of jurisdiction. When considering Richardson's appeal, the Seventh Circuit construed his Rule 35(b) motion as a collateral attack on his sentence under § 2255. *Richardson*, 558 F.3d at 681. Richardson's § 2255 motion, filed after his Rule 35(b) motion, is therefore a successive § 2255 motion. A second or successive motion for relief pursuant to § 2255 must be certified by the Court of Appeals, in advance of filing, as falling within one of the exceptions to the ban on such motions under § 2255(h). *See United States v. Boyd*, 591 F.3d 953, 955 (7th Cir. 2010); *United States v. Canino*, 212 F.2d 383, 384 (7th Cir. 2000). Otherwise, the district court lacks jurisdiction to entertain a successive § 2255 motion. *See id.* Because Richardson filed the instant § 2255 motion without the consent of the Court of Appeals, this Court lacks jurisdiction to entertain his motion. Richardson's § 2255 motion is therefore denied.

Given the above, Richardson is not entitled to a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings (Eff. Dec. 1, 2009). A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because there is no question that this Court lacks jurisdiction to consider Richardson's § 2255 motion, he is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons stated above, Richardson's motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

Enter:
/s/ David H. Coar

_____

David H. Coar
United States District Judge

**Dated:** April 16, 2010